IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KENNY TRAVIS, JR.                                                                                PETITIONER

v.                          Case No. 5:12CV00408 JMM-JTK

RAY HOBBS, Director,
Arkansas Department of Correction                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## I. Introduction

Kenny Travis is a prisoner currently confined to the Tucker Maximum Security Unit of the Arkansas Department of Correction. He is serving terms of life without parole and 10 years' imprisonment for his Mississippi County Circuit Court convictions for capital murder and aggravated robbery. On October 25, 2012, he initiated this action. Travis filed this complaint pursuant to 42 U.S.C. § 1983; however, the Clerk's Office designated the complaint as a habeas petition (Docket entry #2). In response, Respondent filed a Motion to Dismiss (DE #10) the action as a second or successive petition because Travis had already filed a habeas petition attacking the same convictions.[1] In his reply and subsequent filings, Travis continuously noted his intent to file a civil rights complaint and not a habeas action.

In the complaint, Travis alleged error due to investigative errors, witness-credibility

---

[1] The Eighth Circuit dismissed the appeal in Case No. 5:11CV119 on February 14, 2013.

issues, trial errors, prosecutorial misconduct, and ineffective assistance of trial counsel. For the reasons set forth herein, the Court recommends that the current action be dismissed and that all pending motions be denied.

## II. Discussion

Title 42 of the United States Code, section 1983, allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceeding in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

The Court has carefully reviewed Travis's petition, giving it as liberal a construction as reasonably possible. Given the claims he advances, the facts he alleges in support thereof, and the relief he seeks, the Court concludes that the claims asserted clearly implicate the validity of the arrest and eventual conviction. As set forth above, the Court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983. Moreover, Travis asserts claims against his co-defendants and witnesses who testified at his trial. He seeks injunctive relief to vacate his capital murder conviction and a judgment finding that these named defendants and witnesses violated his First, Sixth, Eighth, and Fourteenth Amendment constitutional rights. Even if the Court were to order the Clerk to re-designate this action as a "555" civil rights action and Travis to pay the required $350 filing fee,[2] the cause would nonetheless fail and require dismissal because he has shown neither that the named defendants are state actors nor that they are non-governmental witnesses conspiring with state actors to deprive him of his liberty in an unconstitutional manner. *See Briscoe v. LaHue*, 460 U.S. 325, 330 (1983).

---

[2]The Prison Litigation Reform Act (PRLA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915(e) and 1915A. The Court must dismiss a complaint or portion thereof it the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). So as to avoid re-designation of this cause as a "555" civil rights action only to dismiss it for failure to state a claim upon which relief may be granted and constitute a "strike" within the meaning of 28 U.S.C. § 1915(g), the Court elects to dismiss this action. Should Travis wish to file another 1983 action, he may do so by submitting another complaint and paying the $350 filing fee or completing a motion to proceed *in forma pauperis*.

### III. Conclusion

Based on the foregoing, it is recommended that the instant petition be dismissed. All pending motions are denied. Further, pursuant to 28 U.S.C. § 1915(a), the undersigned recommends the finding that an appeal from dismissal would not be taken in good faith.

SO ORDERED this 11th day of March, 2013.

_____
UNITED STATES MAGISTRATE JUDGE